UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| MULTIVISTA FRANCHISE SYSTEMS, LLC, a Delaware limited liability company, | |
| Plaintiff, | 2:10-cv-02039 JWS |
| vs. | ORDER AND OPINION |
| ANDREW WEISSMAN, *et al.*, | [Re: Motion at Docket 9] |
| Defendants. | |

## I.  MOTION PRESENTED

At docket 9, plaintiff Multivista Franchise Systems, LLC ("Multivista") moves to remand this action to Arizona Superior Court in Maricopa County.  At docket 19, defendants Andrew Weissman, Scott Yahraus, and ConstructionPhotoDocs.com, LLC (collectively "defendants") oppose the motion.  Multivista replies at docket 20.  Oral argument was not requested, and it would not assist the court.

## II.  BACKGROUND

On August 24, 2010, Multivista filed a complaint against defendants Weissman, Yahraus, and CPD in Superior Court for the State of Arizona in and for the County of Maricopa.  The complaint alleges claims of breach of contract, unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), unfair competition/business practices under California Business and Professions Code Section 17200, *et seq.*, unfair competition under Arizona common law, and a request for a preliminary injunction.  On September 22, 2010, defendants timely removed this action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  Multivista now moves to remand this action to Arizona Superior Court in Maricopa County.

## III.  STANDARD OF REVIEW

Removal of a case from state to federal court is a question of federal subject matter jurisdiction.[1]  The burden of establishing removal jurisdiction is on the proponent of federal jurisdiction.[2]  "A lawsuit may be removed to federal court under 28 U.S.C. § 1441 if the suit could have been brought in federal court originally."[3]  Where the court's jurisdiction is based on diversity, 28 U.S.C. § 1332 requires that the amount in controversy exceed $75,000 and that the case be between citizens of different states.[4]

---

[1] *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 (9th Cir. 1988).

[2] *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

[3] *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 979 (9th Cir. 2005).

[4] 28 U.S.C. § 1332(a)(1) provides in relevant part, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

"If there is any doubt regarding the right of removal under 28 U.S.C. § 1441, removal jurisdiction is to be rejected."[5]

### IV.  DISCUSSION

Multivista first contends that removal is improper because the parties executed a Confidentiality Agreement, which contains a forum selection clause requiring disputes arising out of breaches of the Confidentiality Agreement to be litigated in Arizona Superior Court.  The Confidentiality Agreement provides in pertinent part:

> 10.  Governing Law.  This instrument shall be governed by and construed under the laws of the state of Arizona.
>
> 11.  Jurisdiction and Venue.  In the event of a breach or threatened breach by Recipient of this Agreement, Recipient hereby irrevocably submits to the jurisdiction of the courts of the state of Arizona, and irrevocably agrees that venue for any action or proceeding shall be in the courts of the state of Arizona.  Both parties waive any objection to the jurisdiction of these courts or to venue in Arizona.[6]

Defendants contend that Multivista's argument fails because there is no fully executed agreement evidencing a mutual intent to litigate in Arizona Superior Court. Having reviewed the Confidentiality Agreement attached to the complaint, the court concurs.  To establish a binding Confidentiality Agreement, Multivista must establish the essential elements of a valid contract: "an offer, acceptance, consideration, a sufficiently specific statement of the parties' obligations, and mutual assent."[7]  The Confidentiality Agreement attached to the complaint indicates that Multivista tendered the

---

[5] *Kroske*, 432 F.3d at 979.

[6] Doc. 2 at pp. 26-27.

[7] *Muchesko v. Muchesko*, 955 P.2d 21, 24 (Ariz.App. 1997).

Confidentiality Agreement to Andrew Weissman, who made handwritten changes to the Agreement and then signed it.  Multivista did not sign the Confidentiality Agreement, nor indicate acceptance of the handwritten changes Weissman made to the Agreement.  Accordingly, Multivista has not established mutual assent.  In addition, of the defendants named in this action, only Mr. Weissman signed the Confidentiality Agreement.

Multivista next contends that removal is improper because defendants have not established by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Defendants removed this action to federal court based on diversity pursuant to 28 U.S.C. § 1332, which requires that the amount in controversy exceed $75,000 and that the case be between citizens of different states.  Where, as here, a complaint does not demand a specific dollar amount, "the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds $[75],000."[8]  "Under this burden, the defendant must prove that it is 'more likely than not' that the amount in controversy exceeds that amount."[9]

Defendants concede that they "cannot determine just what the potential amount in controversy is vis-a-vis Plaintiff's damages claims," but contend that the amount in controversy for an injunction is the value to either party.[10]  "Under the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either

---

[8] *Kroske,* 432 F.3d at 980 (quoting *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997)).

[9] *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

[10] Doc. 19 at p. 15.

party which the judgment would directly produce."[11]  Defendants contend that an injunction preventing ConstructionPhotoDocs.com ("CPD") from operating would more likely than not result in excess of $75,000 of harm to defendants.[12]  In support, defendants attach Mr. Weissman's declaration which summarily states that if CPD is prevented from operating by plaintiff's injunction "the damages and cost to myself and CPD would exceed $75,000 based on time, capital and energy already invested as well as future lost profits."[13]  Multivista has not asked the court to prevent CPD from operating.  It only asks that CPD be prevented from using information provided by Multivista and to stop using its current mark or a confusingly similar one.  Based on the above, defendants have not established by a preponderance of evidence that the amount in controversy exceeds $75,000.

Defendants next argue that the court has federal question jurisdiction because the complaint alleges claims under the Lanham Act.  Without citing any controlling authority, Multivista contends that defendants cannot assert federal question jurisdiction because they did not allege federal question jurisdiction in the Notice of Removal.  Multivista's argument fails because even if neither party raises jurisdiction concerns, the court must satisfy itself that it has jurisdiction over a case.[14]  Under the "well-pleaded complaint" rule, federal jurisdiction exists "when a federal question is presented on the

---

[11] *In re Ford Motor Co./Citibank (South Dakota), NA*, 264 F.3d 952, 958 (9th Cir. 2001) (citing *Ridder Bros. Inc., v. Blethen*, 142 F.2d 395, 399 (9th Cir. 1944) ("The value of the 'thing sought to be accomplished by the action' may relate to either or any party to the action.")

[12] Doc. 19 at p. 14.

[13] Doc. 19-1 at p. 8.

[14] *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1123 (9th Cir. 2010).

face of a properly pleaded complaint."[15] Here, Multivista's complaint states a claim under 15 U.S.C. § 1125(a) of the Lanham Act, and requests damages under §§ 1051 and 1117(a). Despite the fact that defendants removed on the basis of diversity, the complaint also supports federal jurisdiction on federal question grounds. "The civil removal statute, unlike the removal statute for criminal cases, has no requirement that all grounds for removal be listed in the notice."[16]

"The plaintiff is 'master to decide what law he will rely upon, and, if he can maintain his claim on both state and federal grounds, he may ignore the federal question and assert only a state law claim and defeat removal."[17] Here, because Multivista's complaint includes a federal claim, Multivista's motion for remand must be denied. "[W]here the district court is presented with a case within its original jurisdiction, it has 'a virtually unflagging obligation to exercise the jurisdiction conferred upon [it] by the coordinate branches of government and duly invoked by litigants.'"[18]

## V. CONCLUSION

For the reasons set out above, plaintiff's motion at docket 9 for remand and request for attorney's fees and costs pursuant to 28 U.S.C. § 1447 is **DENIED**.

DATED this 1st day of November 2010.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[15] *Id.* (internal citation and quotation omitted).

[16] *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 n.1 (9th Cir. 2006)

[17] *Sullivan*, 813 F.2d at 1371-1372.

[18] *Williams*, 471 F.3d at 976.